IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH REDD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  13-cv-121-DRH-CJP |
| | ) |
| **JAMES CROSS, JR.,** | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Kenneth Redd, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1). With leave, he filed a supplement at Doc. 20.

In 2005, a jury in the Eastern District of Missouri convicted petitioner of (1) possession of firearms by a convicted felon, in violation of 18 U.S.C. §922(g)(1); (2) tampering with evidence, in violation of 18 U.S.C. §1512(b)(2)(B); and (3) obstruction of justice, in violation of 18 U.S.C. §1512(c)(2). He was sentenced to 240 months imprisonment on Count 1, 120 months imprisonment on Count 2, and 240 months imprisonment on Count 3, to be served concurrently. See. Judgment, Doc. 12, Ex. 4.[1]

As grounds for habeas relief, Redd claims that he is actually innocent of the possession of firearms charge.

---

[1] For clarity of reference, the Court uses the exhibit and page numbers assigned by the CM/ECF system.

Respondent argues that petitioner is precluded from bringing a §2241 petition because he could have raised this claim in a motion under 28 U.S.C. §2255. In addition, respondent argues that petitioner has not presented a non-frivolous claim of actual innocence.

### 1.     Relevant Facts and Procedural History

This description of the facts is derived from District Judge Charles A. Shaw's Memorandum and Order denying petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, Doc. 12, Ex. 16.

On July 5, 2005, Sergeant William McEntee of the Kirkwood, Missouri, Police Department was shot to death while sitting in his police car. Kevin Johnson, Jr., was identified as the person who killed Sergeant McEntee. Johnson fled from the scene, taking the firearm used to kill Sergeant McEntee as well as Sergeant McEntee's weapon. A detective investigating the murder received a tip that Johnson's father had asked petitioner Redd to move Johnson, Jr.'s white Ford Explorer because Johnson, Jr., had some "static" with the police in Kirkwood. Johnson, Sr., asked Redd to acquire a car so that his son could leave the area. The informant also indicated that the Explorer was located at the Nantucket Gardens Apartments in Ferguson, Missouri, where Redd lived, and that Redd was on parole and was scheduled to see his parole officer on July 6, 2005.

Suspecting that Johnson, Jr., might be with Redd, law enforcement officers met him at the office of his parole officer. Redd admitted moving the Explorer,

but denied knowing anything about the murder of Sergeant McEntee or the whereabouts of Johnson, Jr.  Redd said that he lived in the Nantucket Gardens Apartments, 1002 Chambers Road, Apartment D.  A detective requested permission to search Redd's apartment to look for the missing weapons, and Redd consented.  Redd told the police that he had two firearms at the apartment.  The search turned up a rifle, an over-and-under shotgun, and a pistol.  The rifle and shotgun were found in a closet which also contained men's clothing.  Redd was then arrested.

Redd's girlfriend, Linda Poole, also lived at 1002 Chambers Road, Apartment D.  In a written statement, she said that she and Redd were the only people who had keys to the apartment.  She claimed that the pistol was hers, but denied ownership of the other two firearms.

Redd and Linda Poole had a number of telephone conversations while Redd was detained awaiting trial, and she visited him in jail.  Counts 2 and 3 arose out of Redd's successful efforts to have his possessions removed from the apartment before the police came to take photographs, and his unsuccessful attempts to persuade Poole to disavow the written statement she had given to the police and to give false testimony to the grand jury.  As Redd does not challenge his convictions on those Counts, it is not necessary to delve into the facts supporting those charges.

On direct appeal, Redd argued that his Sixth Amendment rights were violated because he was sentenced as an armed career criminal based on the trial

judge's factual findings as to the number and violent nature of his prior convictions. The Eight Circuit affirmed. Doc. 12, Ex. 5.

Redd filed a pro se motion for new trial. Among other points, he argued that he had newly discovered evidence to support his claim that it was unreasonable for the police to conclude that he had authority to consent to a search of the apartment. The newly discovered evidence was the affidavit of the manager of the Nantucket Gardens Apartments, Brian Burton, dated December 19, 2007. Doc. 12, Exs. 7 & 8, pp. 46-47. The motion for new trial was denied, and the Eighth Circuit affirmed. Doc. 12, Exs. 10 & 11.

Petitioner also filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. That motion raised claims of ineffective assistance of trial and appellate counsel, as well as an argument related to the application of the Sentencing Guidelines. Doc. 12, Ex. 14. The motion was denied, and the Eighth Circuit denied a certificate of appealability. Doc. 12, Exs. 16 & 19.

### 2. Grounds for Habeas Relief

Petitioner argues that he is actually innocent of Count 1, the felon in possession of firearms charge. He was charged in Count 1 with possession of a Savage Arms combination .22 caliber rifle/20 gauge shotgun and/or a Winchester .22 caliber rifle. Doc. 12, Ex. 3. Petitioner relies on the following evidence to support his actual innocence claim:

a) Affidavit of Brian Burton, dated December 19, 2007. See, Doc. 1, Ex. 1. This is the same affidavit that was attached to his motion for new trial. See,

Doc. 12, Ex. 8, pp. 46-47. The affidavit states that Redd's name was not on the occupancy permit or lease for Unit D, and that Burton gave the police a key to Unit D on July 6, 2006.

    b)    ATF Firearms Trace Summary stating that a Savage Combination Gun, caliber 22/20, recovered from 1002 Chambers Road, Unit D, had no serial number. Doc. 20, Ex. 1, pp. 3-4. Petitioner argues that the lack of a serial number meant that the government was unable to prove that the firearm had travelled in interstate commerce.

    c)    Report prepared by AFT Agent Bodenschatz containing his determination that the Winchester and Savage firearms found in Unit D were manufactured in Connecticut and Massachusetts. Doc. 20, Ex. 1, pp. 5-6. According to petitioner, at trial, St. Louis County Police Officer Jackson was allowed to testify to the report that had been prepared by Agent Bodenschatz.[2]

    d)    St. Louis County Police Department Evidence Receipt for weapons removed from the kitchen of Unit D. Doc. 20, Ex. 1, p. 7. Petitioner notes that he is not listed as a suspect on the form, and argues that the notation that the weapons were found in the kitchen contradicts the evidence at trial.[3]

### 3. Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are

---

[2] In fact, Detective Jackson was qualified as a firearms expert at trial and testified based on his own examination of the Savage and Winchester firearms. He testified that both firearms were manufactured outside of the state of Missouri. Doc. 22, Ex. 2, pp. 3-9.

[3] At trial, an officer testified that a rifle and a shotgun were found in a "closet just as you walk into the apartment combination like a kitchen or living room closet. . . ." Doc. 12, Ex. 32, p. 15.

limited to challenges regarding the execution of a sentence.  See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him.  A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  And, a prisoner is generally limited to bringing only *one* motion under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a

defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

### 4. Analysis

Petitioner Redd is not entitled to habeas relief under §2241.

Petitioner does not meet the *Davenport* criteria because his claim that he is actually innocent does not rest upon a change in the law that post-dates his §2255 motion.  His claim of actual innocence has always been available to him.  In order to show that §2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.  The failure to present a defense that has been available from the beginning does not mean that §2255 is inadequate or

ineffective. See, *Light v. Caraway*, 761 F.3d 809, 813-814 (7th Cir. 2014), holding that the second *Davenport* factor requires a showing that the claim was foreclosed by binding precedent at the time of the initial §2255 motion.

Petitioner relies upon *Schlup v. Delo*, 115 S.Ct. 851 (1995), but that case is not applicable here. Redd's §2241 petition does not set forth a constitutional violation. Rather, he raises *only* a claim that he is actually innocent. *Schlup* did not hold that a claim of actual innocence presents, by itself, grounds for habeas relief. The petitioner in *Schlup* had been convicted of murder in state court and sentenced to death. The Court noted that, in the prior case of *Herrera v. Collins*, 113 S. Ct. 853 (1993), it had "assumed for the sake of argument" that a "truly persuasive demonstration of actual innocence" in a capital case would render execution unconstitutional if there were no state procedure available to consider the claim. *Schlup*, 115 S. Ct. at 860, n. 28. Unlike Redd, the petitioner in *Schlup* did not rely on a free-standing claim of actual innocence. Rather, he advanced a claim of actual innocence to serve as a gateway to permit consideration of otherwise defaulted constitutional claims. *Schlup,* 115 S. Ct. 861-862.

In the most recent Supreme Court case to examine *Schlup*, the Court again noted that it has not held that a free-standing claim of actual innocence presents grounds for habeas relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), citing *Herrera v. Collins*, 113 S. Ct. 853, 860 (1993). Rather, the Court again held that a *Schlup* claim of actual innocence serves as a gateway to permit consideration of otherwise defaulted constitutional claims. *McQuiggin,* 133 S. Ct.

at 1928. Here, however, petitioner has advanced only a claim of actual innocence, without identifying any other constitutional claim.

Even if Redd were to identify a constitutional violation, *McQuiggin* would not apply here to permit Redd to proceed under §2241. Both *Schlup* and *McQuiggin* concern state court prisoners seeking federal habeas review under 28 U.S.C. §2254. *McQuiggin* holds that a claim of actual innocence that satisfies the *Schlup* standard may overcome the bar of the one-year statute of limitations for filing a habeas petition under 28 U.S.C. §2254. By its terms, *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." The Supreme Court expressly noted that different rules apply to second or successive petitions. *McQuiggin*, 133 S. Ct. at 1933-1934.

Neither the language nor the reasoning of *McQuiggin* support petitioner's position. Redd is not a state prisoner who will be deprived of any chance of federal court review of constitutional claims if he is not allowed to proceed on a §2241 petition. Rather, Redd has already had an opportunity for direct appeal and federal habeas review under §2255. Further, he is not raising a constitutional claim; his only claim is that he is "actually innocent" of possession of firearms by a convicted felon. That claim does not arise out of any change in the law and could have been brought in his §2255 motion.

Lastly, the Court notes that *McQuiggin* requires that the petitioner's claim of actual innocence meet the "demanding" *Schlup* standard. "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does

not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928, citing *Schlup*, 115 S. Ct. at 868.   The above discussion of *McQuiggin* should not be taken as an indication that this Court believes that petitioner's claim of actual innocence satisfies the demanding *Schlup* standard.  In fact, the Court is highly doubtful that Redd has set forth a credible claim of actual innocence.  In the end, however, it is unnecessary to resolve that question.  Even if he had set forth a valid *Schlup* claim, he would not be entitled to bring a §2241 petition.

### 5.    Conclusion

Kenneth Redd's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**
Signed this 5th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.05 10:48:07 -06'00'

**United States District Court**